IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

DWAYNE MANNING,                    *

        Plaintiff,                 *

     v.                             *                    Civil Action No.  AW-04-1486

UNITED STATES OF AMERICA,          *

        Defendant.                 *
                             ****

## MEMORANDUM OPINION

This action involves two separate claims brought by Dwayne Manning ("Manning" or "Plaintiff")

against the United States of America ("United States" or "Defendant").  Specifically, Plaintiff raises a civil

rights claim pursuant to, 42 U.S.C. §§ 1997,1983, 1985, 1986.  Plaintiff also raises a claim of negligence

pursuant to the Federal Tort Claims Act ("FTCA").  Currently pending before the Court is Defendant's

Motion to Dismiss or, in the alternative, for Summary Judgment [22], in which Defendant argues for the

dismissal of Plaintiff's civil rights claim.[1]  The Court has reviewed the entire record, as well as the pleadings

with respect to the instant motion.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.

2004).  For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

## I.     FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant.  At all relevant times,

---

[1]It is somewhat unclear to the Court whether Defendant's Motion to Dismiss also pertains to
Plaintiff's FTCA claim.  Defendant, however, concedes that Plaintiff's FTCA claim was properly
brought before this Court.  Moreover, this Court sees no reason to otherwise dismiss the FTCA claim.
Therefore, the Court will only address the civil rights claim.

Plaintiff was incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland").

In 2001, Plaintiff began to get haircuts at the FCI Cumberland barbershop.  The unsanitary conditions of the cosmetology equipment used in the barbershop caused Plaintiff to develop bumps and sores on the back of his head.  Plaintiff received medical treatment for the bumps and was instructed by medical personnel to avoid contact with the clippers used by the barbershop.  Plaintiff alleges that the bumps, sores, and scar tissue he developed as a result of the infected cosmetology equipment may cause permanent damage to his scalp.

On May 10, 2004, Plaintiff brought suit *pro se* under the FTCA against the Department of Justice, the Bureau of Prisons, and Warden Stephen Dewalt.  On December 14, 2004, the Court ordered the substitution of the United States as the proper Defendant in this case.  On December 15, 2004, the Court denied Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, as to Plaintiff's FTCA claim.  Finding that Plaintiff demonstrated a genuine issue for trial, on December 15, 2004, the Court granted Plaintiff the assistance of counsel.

On March 3, 2005, Plaintiff, represented by counsel, amended his Complaint ("Amended Complaint") to include a civil rights claim.  On March 17, 2004, Defendant filed the instant Motion to Dismiss, or, in the alternative, for Summary Judgment, arguing that the civil rights claim contained within Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  The instant motion is ripe for disposition and the Court will now issue an Opinion.

## II.    STANDARD

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the non-movant and therefore accept the factual allegations contained within Plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-218 (4th Cir. 1994)); *Chisolm v. TransSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

Nevertheless, the Court, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## III.   ANALYSIS

In its Motion to Dismiss, Defendant argues that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") prior to bringing the present civil rights action. Defendant argues that Plaintiff's failure to exhaust his administrative remedies is dispositive and therefore,

pursuant to the Federal Rules of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's civil rights claim. The Court agrees and will dismiss Plaintiff's civil rights claim.

In 1996, Congress enacted the PLRA in an effort to limit the number of frivolous lawsuits brought to federal court by inmates. *Anderson v. XYZ Corr. Health Serv., Inc.*, 2005 WL 1154156, *2 (4th Cir. May 17, 2005). Pursuant to the PLRA, an incarcerated claimant's § 1983 claim will be dismissed if the claimant does not exhaust all of his administrative remedies challenging his conditions of confinement. 42 U.S.C. § 1997(e). The PLRA's exhaustion requirement is mandatory and its limitations must be strictly construed. *Anderson*, 2005 WL at *2 ("All available remedies must now be exhausted . . . exhaustion is a prerequisite to suit."); *Volvo GM Heavy Truck Corp. v. Dep't of Labor*, 118 F.3d 205, 209 (4th Cir. 1997) ("Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."). Exhaustion is required even where a plaintiff seeks relief that is unavailable through administrative means. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

A plaintiff need not allege in his complaint that he exhausted his administrative remedies. *Anderson*, 2005 WL at *2. However, once a defendant raises the issue of exhaustion, a plaintiff has the burden to show that he exhausted all remedies that the administrative process confers pursuant to the PLRA. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal Law by a prisoner until such administrative remedies as are available are exhausted."); *see Porter v. Nussle*, 534 U.S. 516, 527 (2002) (holding that "prison conditions" refers to all inmate suits concerning life in prison.). Therefore, in the case at bar, Plaintiff was required to follow the proper administrative channels pursuant to the Bureau of Prisons Administrative Remedy Program prior

to filing a § 1983 claim in this Court.[2]

In the instant case, Plaintiff fails to present any evidence indicating that he exhausted his administrative remedies. Instead, in responding to Defendant's exhaustion argument, Plaintiff argues that the administrative remedies he undertook concerning his original FTCA claim satisfy the exhaustion requirement for his civil rights claim. The Court disagrees. Here, the Court finds that the procedures necessary for Plaintiff to file a FTCA claim are distinct from the procedures necessary to bring a § 1983 suit in this Court. *See Dunbar Corp. v.* Lindsey, 905 F.2d 754, 761 (4th Cir. 1990) (citing *Carlson v. Green*, 446 U.S. 14, 19-23 (1980)) (distinguishing a FTCA remedy from a *Bivens* remedy). While Plaintiff did indeed exhaust his administrative remedies with regards to his FTCA claim, such exhaustion has no bearing as to whether Plaintiff met the administrative requirements for filing his civil rights claim. *See Booth*, 532 U.S. at 740-41 (holding that prisoners must go through the proper administrative process for each claim, irrespective of the relief sought). Therefore, Plaintiff's properly filed FTCA claim is irrelevant to the instant Motion.[3]

Moreover, all of the evidence before the Court indicates that Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA. Specifically, the records of the Bureau of Prisons indicate that Plaintiff did not file an "Administrative Remedy Generalized Retrieval Form" concerning either the sanitation conditions at the FCI Cumberland barbershop, or Plaintiff's subsequent medical problems and the treatment that followed. As such, the Court finds that Plaintiff failed to exhaust his administrative

---

[2]28 C.F.R. §§ 542.10 et seq. details the precise administrative procedure that Plaintiff is required to exhaust prior to filing his civil rights suit.

[3]Because Plaintiff failed to exhaust his civil rights claim pursuant to the requirements of the PLRA, the Court need not address whether Plaintiff could maintain a *Bivens* action against Defendant.

remedies with regards to his civil rights claim and the Court will dismiss that claim from Plaintiff's Amended Complaint.

## IV.    <u>CONCLUSION</u>

For all of the aforementioned reasons, the Court finds that Plaintiff failed to state a civil rights claim upon which relief can be granted.  Accordingly, the Court will GRANT Defendant's Motion to Dismiss [22].  An Order Consistent with this Opinion will follow.


Date:    June 28, 2005                                  _____/s/_____
                                                        Alexander Williams, Jr.
                                                        United States District Court

6